J. ED TEASE, Retired Circuit Judge.
This is an appeal by plaintiff from summary judgment granted in favor of defendant in a workmen’s compensation action.
Plaintiff was injured while roofing a house owned by Howard and Belle Rigsby individually. This workmen’s compensation action, however, was brought against Rigsby Construction Company, a corporation. The defendant corporation asserted two primary defenses: (1) that plaintiff was not an employee of defendant, but was an independent contractor (2) that defendant regularly employed fewer than three employees and, therefore, workmen’s compensation provisions did not apply.
*1356 Defendant’s motion for summary judgment was supported by the affidavit of Howard Rigsby and opposed by plaintiffs responsive pleading, the affidavit of plaintiff, and certain parts of plaintiffs deposition. On March 2, 1988 the trial court granted the defendant’s motion for summary judgment and dismissed defendant “as a party to this action.”
Whether the trial court properly granted defendant’s motion for summary judgment is the dispositive issue on appeal.
Since this action was filed after the adoption of § 12-21-12, Code 1975, proof by substantial evidence is now the test when passing on a motion for summary judgment. In Bass v. SouthTrust Bank, 538 So.2d 794, 798 (Ala.1989), the Alabama Supreme Court stated as follows:
“When the scintilla rule was in effect, it meant that when a party moving for summary judgment made a prima facie showing, on the basis of affidavits and other matters enumerated in Rule 56, Ala.R.Civ.P., that there was no genuine issue of material fact, then the burden shifted to the non-moving party to show that there was at least a scintilla of evidence in his favor. Hutchins v. State Farm Mut. Auto. Ins. Co., 436 So.2d 819, 825 (Ala.1983). The Act abolishing the scintilla rule does nothing to change the procedure for handling the burden of proof, so if the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden still shifts to the non-movant; however, the burden is now greater than in the past, because the non-movant must show ‘substantial evidence’ in support of his position.”
With respect to defendant’s specific defense that plaintiff was not employed by defendant, the affidavit of Howard Rigsby in support of defendant’s motion for summary judgment stated in substance the following: (1) that plaintiff was not and had never been an employee of defendant, Rigs-by Construction Company, (2) that the house on which plaintiff was injured was owned by the Rigsbys individually and not Rigsby Construction Company, (3) that Howard Rigsby’s father had hired plaintiff to do the work on the Rigsby property, (4) ■that plaintiff exclusively directed the work of his two-person crew, (5) that Howard Rigsby did not supervise the repairs nor instruct plaintiff as to how the repairs should be performed, and (6) that plaintiff acted at all times distinctly and separately from any activities involving Rigsby Construction Co., Inc.
It is apparent that defendant made out at least a prima facie case under its defense that plaintiff- was not its employee at the time of the injury. Put another way, defendant “made and supported” its motion for summary judgment as provided in Rule 56, Alabama Rules of Civil Procedure. It is the rule that when a motion for summary judgment is made and is supported as provided in Rule 56 a party adverse to such a motion may not rest upon the mere allegations or denial of the pleading and must submit facts controverting those facts presented by the moving party. Butler v. Michigan Mut. Ins. Co., 402 So.2d 949 (Ala.1981); Imperial Group, Ltd. v. Lamar Corp., 347 So.2d 988 (Ala.1977); Ray v. Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686 (1975).
Likewise, the affidavits must be made on personal knowledge and must set forth facts to show that the evidence would be admissible as testimony to contradict the movant’s evidence. Butler v. Michigan Mut. Ins. Co., supra; Arrington v. Working Woman's Home, 368 So.2d 851 (Ala.1979); Oliver v. Brock, 342 So.2d 1 (Ala.1977).
A careful examination of the matter offered by plaintiff in opposition to the motion for summary judgment (plaintiff’s affidavit and certain parts of plaintiff’s deposition) reveals that plaintiff did not offer substantial evidence to raise a genuine issue of material fact on the issue of non-employee status. This is particularly true when we exclude, as we must, the offered hearsay, opinion, and conclusory evidence contained in the affidavit and deposition of plaintiff.
*1357 In excellent briefs, both plaintiff and defendant have devoted a good deal of attention to the distinction between an independent contractor and the employer-employee relationship. Plaintiff asserts that he was an employee of the defendant and defendant asserts, to the contrary, that plaintiff was an independent contractor. While it would appear that the defendant has shown the plaintiff to be an independent contractor, it is more apparent that there is a failure of proof that plaintiff was an employee of the defendant corporation. If a party retains the right to direct the manner in which the task is to be done or that party does in fact dictate the manner of operation, then an employer-employee relationship is established. Weeks v. C.L. Dickert Lumber Co., 270 Ala. 713, 121 So.2d 894 (1960). Whatever was done by Howard Rigsby appears to have been done in his individual capacity and not in behalf of Rigsby Construction Company.
Therefore, we find it unnecessary to determine whether plaintiff was an independent contractor or whether he was an employee of Howard Rigsby individually. What is clear is that he was not an employee of defendant, Rigsby Construction Co., Inc. This is obviously fatal to plaintiff’s cause of action, and the learned trial court acted properly in granting defendant’s motion for summary judgment.
For the foregoing reasons the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.